■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILLIAMS, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Facelle, J.), rendered August 23, 1984, convicting him of burglary in the third degree, criminal possession of stolen property in the third degree, criminal mischief in the fourth degree and petit larceny, upon a jury verdict, and imposing sentence.

Judgment affirmed.

In viewing the evidence in the record in the light most

favorable to the People, as we are required to do, we conclude that a rational trier of fact could have found, as the jury did at bar, that the prosecution proved beyond a reasonable doubt that defendant was guilty of burglary in the third degree. Questions of reasonable doubt and credibility are best left to the jury. Based upon the quantity and quality of the evidence in the record, there is no basis to disturb the jury's verdict (*see, People v Malizia,* 62 NY2d 755, 757, *cert denied* — US —, 105 S Ct 327; *People v Contes,* 60 NY2d 620, 621; *People v Bigelow,* 106 AD2d 448).

Contrary to defendant's contentions, we further find that the trial court properly determined that a witness, Richard Davis, was unavailable due to illness, and that his preliminary hearing testimony was admissible at trial (CPL 670.10, 670.20). The witness' private physician testified at a hearing on this matter that Mr. Davis was then residing in a nursing home and had been admitted there on March 15, 1984 with a diagnosis of atrial fibrillation, congestive heart failure, arteriosclerotic heart disease, amputation of the leg, occlusion of the circulation in the leg and organic brain syndrome. The doctor further stated that in his opinion, he did not think the witness was capable of coming to court because of his mental condition. On cross-examination he stated that "[i]t would present a health threat to have [Davis] go outside the facility". The record also indicates that the trial court properly reviewed the transcript of the witness' testimony, correctly concluding that defendant "was afforded adequate opportunity and scope to examine and cross-examine the witness at that proceeding and was not in any way limited or restricted by the Court, nor by anyone else in * * * cross-examination".

We have reviewed defendant's remaining contentions and find them to be either not properly preserved for appellate review or insufficient to warrant reversal. Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.