■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN T. INGRAM, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered May 11, 1987, upon a verdict convicting defendant of the crime of robbery in the second degree.

Defendant and Terry Crutchfield were jointly indicted on July 29, 1986 for two counts of the crime of robbery in the second degree. The robbery occurred on June 19, 1986 at about 11:30 A.M. at the DeJaVu Clothing Store located at 8 Central Avenue in the City of Albany. At that time the manager of the store, Tracy Mae Andrews, was taking inventory of the higher-priced merchandise and putting a display in the store's windows. She observed both defendant and Crutchfield outside the store, with defendant holding a red canvas gym bag that she described as "flat empty". Crutchfield entered the store first and requested Andrews to go to the rear of the store to show him some merchandise. When she did so, she noticed defendant enter the store and became nervous since she "could not keep an eye on him". Returning to the front of the store, Andrews observed the red canvas gym bag on top of the jewelry case and the bag was now full. She therefore requested defendant to show her its contents and she noticed at the time that a hanger was empty on a display fixture containing denim jackets that she had previously inventoried. Defendant refused her request and threatened to hit her in the face if she put her hands on the bag. When Andrews attempted to go to the front door and lock it, defendant struck her with his fist on the left side of her cheek, knocking her to the ground and causing her to tremble. She was again hit in the face when she tried to go to the telephone. She testified that she suffered pain from these blows. Additionally, defendant struck her in the arm and shoved her to the floor as he and Crutchfield ran out of the store.

Andrews then called the police and the manager of another DeJaVu Store. The police drove Andrews around the area and

she identified Crutchfield on a street corner with another individual. It was not until June 23, 1986 that Andrews identified defendant as he waited for a city bus with some friends in the vicinity of Public School 21 in Albany, where she had been taken by the police. Defendant was arrested, read his *Miranda* rights, taken to the police station and booked. Defendant and Crutchfield were tried together.

The first count of the indictment, charging defendant with robbery in the second degree, which alleged that he was aided by another person actually present *(see,* Penal Law § 160.10 [1]), was dismissed on motion by the prosecution. The second count, alleging that defendant caused "physical injury" to a person who was not a participant in the crime *(see,* Penal Law § 160.10 [2] [a]), was submitted to the jury, and defendant was found guilty thereon and subsequently sentenced to an indeterminate prison term of 2 to 6 years.

Defendant's chief claim is that the trial evidence was legally insufficient to establish that he caused "physical injury" to the victim. "Physical injury", an essential element of defendant's conviction, is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The definition was intended to exclude such things as " 'petty slaps, shoves, kicks and the like' " (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 10.00, at 20, quoting Commn Staff Notes on Proposed New York Penal Law, 1964 Special Pamph, at 330). To satisfy this requirement, the Court of Appeals has required proof of an objective level of physical injury *(People v McDowell,* 28 NY2d 373, 375), and has held that two punches to the face causing red marks and an unspecified degree of pain are insufficient proof in this regard *(Matter of Philip A.,* 49 NY2d 198). Other than the victim's testimony as previously set forth, the record is devoid of mention of any actual physical injury, substantial pain, or swelling or bruises, as charged in the indictment. We view *Matter of Philip A. (supra)* as controlling and agree with defendant's argument on this issue *(see also, People v Dorsey,* 112 AD2d 536, 537, *lv denied* 66 NY2d 763; *People v Samuels,* 107 AD2d 771; *cf., People v Douglas,* 143 AD2d 452 [decided herewith] [where we held the proof of physical injury to be sufficient]).

Defendant further argues that the prosecution was guilty of misconduct and racially prejudiced motivation. We find no merit in these contentions. The conduct of the prosecutor here did not deny defendant a fair trial. Significantly, defendant did not join Crutchfield's motion for a mistrial regarding the

prosecutor's alleged prejudicial gestures to the jury and we do not find the prosecutor's conduct to have caused defendant substantial prejudice so as to deny him due process of law *(see, People v Mott,* 94 AD2d 415, 418).

We further find no merit to defendant's contention that numerous errors as to the admission of evidence deprived him of a fair trial. Such evidence was not so prejudicial as to require reversal.

Inasmuch as robbery in the third degree is a lesser included offense of robbery in the second degree *(People v Ceballos,* 98 AD2d 475), we reduce defendant's conviction to the crime of robbery in the third degree, pursuant to the provisions of CPL 470.15 (2) (a), and remit the case to County Court for resentencing in accordance with CPL 470.20 (4).

Judgment modified, on the law, by reducing defendant's conviction to the crime of robbery in the third degree; matter remitted to the County Court of Albany County for resentencing in accordance with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.