■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK L. DOUGLAS, Appellant.—Casey, J. P. Appeal from a judgment of the Supreme Court (Ingraham, J.), rendered June 1, 1987 in Cortland County, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant contends that the proof at trial was insufficient to support the verdict convicting him of assault in the second degree. Pursuant to Penal Law § 120.05 (3), a person commits assault in the second degree when "[w]ith intent to prevent a * * * police officer * * * from performing a lawful duty, he causes physical injury to such * * * police officer". The evidence established that two Cortland City Police Officers, Frank Wood and Robert Henry, saw defendant enter a bar in the City of Cortland, Cortland County. After confirming that there was an outstanding warrant for defendant's arrest, the officers entered the bar, asked defendant to identify himself and advised him that he was under arrest. Claiming that he was being harassed by the police, defendant stated that he

was not going to be arrested, and he attempted to flee from the bar. Wood testified that he grabbed defendant's shoulder and that defendant turned and struck him twice, once in the area of the temple and once in the mouth area. In the ensuing struggle, defendant and Wood fell to the floor and Henry fell on top of them. Wood testified that shortly after defendant was taken into custody, he (Wood) developed a shortness of breath, with pain around the ribs. He visited the emergency room and then his personal physician, who prescribed pain medication and suggested that Wood stay out of work for several weeks, which he did. Wood also testified that he subsequently was required to undergo dental work, including the extraction of several teeth, which he claimed was the result of the scuffle with defendant.

Defendant maintains that there is insufficient proof that Wood sustained physical injury, that defendant caused the physical injury or that the officers were performing a lawful duty. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). While pain is a subjective matter, the Court of Appeals requires "an objective level" of proof to permit the question to go to the jury (see, People v Philip A., 49 NY2d 198). In the case at bar, this "objective level" is satisfied by proof that Wood not only experienced "substantial pain" but also sought medical attention for his pain, received medication and lost time from work (compare, People v Starling, 104 AD2d 742, with People v Chandler, 120 AD2d 542; cf., People v Ingram, 143 AD2d 448 [decided herewith] [where we held the proof of physical injury to be insufficient]). On the issue of causation, defendant advances the imaginative argument that Henry's involvement in the scuffle and resulting fall onto defendant and Wood was an intervening cause. As in the case of People v Williams (115 AD2d 676, lv denied 67 NY2d 1058), however, there is proof that defendant was the initial aggressor, whose conduct precipitated the scuffle which culminated when the three participants fell to the floor. As to defendant's contention that the officers were not performing a lawful duty when they attempted to arrest defendant since they failed to advise him of the charges contained in the warrant, the argument is meritless (see, CPL 120.80 [2]; People v Johnson, 115 AD2d 330). Having found the evidence legally sufficient as to each of the elements of the crime of assault in the second degree, we also exercise our factual review power (see, CPL 470.15 [5]; People v Bleakley, 69 NY2d 490) and find that the jury's verdict is not against the weight of the evidence.

Defendant also argues that certain portions of County Court's charge were erroneous, but no objection was made at trial. Accordingly, no issue of law has been preserved for our review (CPL 470.05 [2]), and there is no basis for the exercise of our discretionary power under CPL 470.15 (6) (a). Defendant also objects to certain testimony permitted by County Court, but we find nothing in the court's ruling which requires reversal of defendant's conviction.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.