■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH PIERCE, Appellant. [608 NYS2d 259] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered January 21, 1992, convicting

him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While attempting to avoid a lawful arrest, the defendant engaged in a struggle with three police officers, one of whom sustained physical injury *(see,* Penal Law § 10.00 [9]). The injured officer testified that the defendant's hand struck her above her left eye although she could not state with certainty that the contact caused her to sustain the injury complained of. Contrary to the defendant's contention, the court's supplemental jury instruction that he could be convicted of assault in the second degree *(see,* Penal Law § 120.05 [3]) even if he did not inflict the injury by a direct blow to the officer's forehead, was not erroneous *(see,* 2 CJI[NY] PL 120.05 [3], at 107). The charge adequately apprised the jury that it could convict the defendant if it found that his actions, in intending to prevent the officers from effectuating a lawful arrest, caused one of the officers to sustain physical injury *(see, People v Douglas,* 143 AD2d 452). "The crime is thus one of strict liability as far as the injury is concerned. Even if the [defendant] caused the injury to the officer accidentally, he was guilty of assault in the second degree if the accident happened while he intentionally acted to prevent the performance of the officer's duty" *(People ex rel. Gray v Tekben,* 86 AD2d 176, 178, *affd* 57 NY2d 651; *see also, People v Hernandez,* 82 NY2d 309; *People v Campbell,* 72 NY2d 602; *People v Vogler,* 156 AD2d 932; *People v Praetz,* 115 AD2d 624; *People v Johnson,* 115 AD2d 330).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.