■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMEL SHULER, Appellant. [656 NYS2d 665] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered June 15, 1993, convicting him, under Indictment No. 2770/91, of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, (2) from an amended judgment of the same court, also rendered June 15, 1993, which terminated a sentence of probation previously imposed by the same court for his conviction of criminal possession of a weapon in the third degree under Indictment No. 5062/89, upon a finding that he had violated a condition thereof, and (3), by permission, from an order of the same court, dated November 18, 1994, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction under Indictment No. 2770/91.

Ordered that the judgment, the amended judgment, and the order are affirmed.

The defendant, a drug dealer, shot Alvin Hart after observing Hart sell crack cocaine in the housing project the defendant claimed as his territory. We find no merit to the defendant's contention that the trial court erred in admitting into evidence testimony that on 10 prior occasions within the preceding three years, he had used violence against others who sold crack cocaine in the housing project. While evidence of uncharged crimes is generally inadmissible if proffered solely to establish criminal propensity, it may be admitted to demonstrate, as done here, the defendant's motive and intent to commit the crime charged (see, People v Alvino, 71 NY2d 233).

The prosecutor's use of the prior unsworn statements of a prosecution witness to impeach that witness violated CPL 60.35 (1). However, the error was harmless. The unsworn statements were no different in substance from the witness's sworn statements which were also used to impeach him, and the court repeatedly instructed the jury to disregard the evidence of the unsworn statements (see, People v Broomfield, 163 AD2d 403).

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal from the amended judgment rendered upon Indictment No. 5052/89, or the appeal from the order denying the defendant's motion pursuant to CPL 440.10. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.