■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN SHONGO, Appellant. [733 NYS2d 667] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of assault in the second degree (Penal Law § 120.05 [3]) and resisting arrest (Penal Law § 205.30) arising out of an altercation between defendant and a police officer. Defendant has failed to preserve for our review his contention that the evidence is legally insufficient to establish that the police officer suffered a physical injury as a result of defendant's conduct (*see, People v Finger,* 95 NY2d 894, 895; *People v Gray,* 86 NY2d 10, 19). In any event, the evidence is legally sufficient to establish causation (*see, People v Green,* 258 AD2d 332, 333, *lv denied* 93 NY2d 925; *People v Thompson,* 224 AD2d 646, 647, *lv denied* 88 NY2d 970; *People v Douglas,* 143 AD2d 452, 453; *cf., People v Pierce,* 201 AD2d 677, 678, *lv denied* 83 NY2d 914). Moreover, the jury did not fail to give the evidence the weight it should be accorded on that issue (*see, People v Douglas, supra,* at 453; *see generally, People v Bleakley,* 69 NY2d 490, 495).

County Court properly rejected defendant's *Batson* claim (*see, Batson v Kentucky,* 476 US 79, 87-89). The court did not abuse its discretion in determining that the prosecutor's explanation for exercising the peremptory strike at issue was race-neutral and not pretextual (*see, People v Cuthrell,* 284 AD2d 982; *People v Sell,* 283 AD2d 920, *lv denied* 96 NY2d 867; *People v Hinds,* 270 AD2d 891, 892, *lv denied* 95 NY2d 964; *People v Diaz,* 269 AD2d 766, *lv denied* 95 NY2d 852). The court was in the best position to observe both the prospective juror's demeanor and that of the prosecutor and its determination is entitled to great deference (*see, People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352; *People v Sell, supra; People v Carelock,* 278 AD2d 851, *lv denied* 96 NY2d 757).

We have considered defendant's remaining contentions, including the challenge to the sentence as unduly harsh or severe and unconstitutional, and conclude that they are without merit. (Appeal from Judgment of Niagara County Court, Broderick, Sr., J.—Assault, 2nd Degree.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.