■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS BEVERLY, Appellant. [775 NYS2d 409]—

Mercure, J. Appeal from a judgment of the County Court of Albany County (Teresi, J.), rendered February 11, 2002, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the third degree.

Early on the morning of July 29, 2001, defendant entered Quail News in the City of Albany. According to Asad Mehmood, the cashier working that morning, defendant demanded that the cash register be opened. When Mehmood did not immediately comply, defendant stabbed him, again demanding that he open the register. Mehmood grabbed a baseball bat from behind the counter and hit defendant several times. Defendant then took the bat from Mehmood and stabbed him repeatedly before taking the cash register and fleeing the store. As defendant ran away with the cash register spooling tape behind him, Mehmood armed himself with a second baseball bat and pursued defendant. When Mehmood caught defendant, he hit him twice on the head with the bat. Defendant fell and Mehmood retrieved the cash register, which he then returned to the store. Police later found a knife and a trail of register tape outside the store.

Defendant subsequently was hospitalized with a fractured skull. After defendant's release from the hospital, police, acting on a tip from the brother of defendant's girlfriend, arrested him. Defendant gave a statement to the police in which he admitted that he was in the store, but denied taking the cash register and claimed that he stabbed Mehmood in self-defense after Mehmood attacked him when he refused to pay for an over-priced pack of cigarettes.

Defendant was indicted for the crimes of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted on all counts and sentenced, as a predicate felon, to concurrent prison terms, the longest of which was 25 years. Defendant appeals and we now affirm.

Initially, we reject defendant's argument that he was improperly denied his right to be present for sidebar conferences during jury selection. While a defendant has a statutory "right to be present at sidebar and robing room conferences . . . regarding possible bias or hostility" of prospective jurors (*People v Velasquez*, 1 NY3d 44, 47 [2003]; *see* CPL 260.20; *People v Antommarchi*, 80 NY2d 247, 250 [1992]), that right may be waived if the waiver is knowing, intelligent and voluntary (*see People v Vargas*, 88 NY2d 363, 375-376 [1996]; *People v Lawrence*, 1 AD3d 625, 626 [2003]). The record reveals that such a waiver occurred here. After defense counsel conferred with defendant and waived his right to be present at sidebar conferences, defendant confirmed on the record that he understood and agreed to waive this right. Under these circumstances, it cannot be said that defendant was deprived of the right to be present at a material stage of trial (*see People v Velasquez, supra* at 49-50).

Nor do we agree with defendant's claim that the People discriminated based on race in the use of a peremptory challenge to strike the sole African American from the venire (*see Batson v Kentucky*, 476 US 79, 93-98 [1986]). In order to show a *Batson* violation, a defendant must first make out "a prima facie case of purposeful discrimination by showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason" (*People v Smocum*, 99 NY2d 418, 421 [2003]; *see People v Colon*, 307 AD2d 378, 380 [2003], *lv denied* 100 NY2d 619 [2003]). If a prima facie showing is made, the burden shifts to the People to come forward with a race-neutral reason; once a race-neutral explanation is given, the defendant bears the ultimate burden of demonstrating, as a factual matter, that the explanation given is merely a pretext for intentional discrimination (*see People v Smocum, supra* at 422).

Inasmuch as defendant's objection here was "premised on the purported absence of any legitimate reason to challenge the juror, as opposed to actual facts or circumstances," he failed to make out a prima facie case of discrimination, and the burden never shifted to the People to provide a race-neutral explanation for the peremptory challenge (*People v Henderson*, 305

AD2d 940, 941 [2003], *lv denied* 100 NY2d 582 [2003]; *see People v Colon, supra* at 380). Nevertheless, the issue of whether defendant established a prima facie case became moot when the People stated their reasons and County Court determined the ultimate issue (*see People v Smocum, supra* at 423). The People provided several race-neutral explanations for the exercise of the peremptory challenge—the juror was a named defendant in a lawsuit, the juror described his son's experience as a criminal defendant and equated the system working with a finding that his son was not guilty, and the juror's former wife was a criminal defense attorney. Defendant then failed to carry his burden of demonstrating pretext when he did not offer any response to the People's explanations. Therefore, County Court properly concluded that the People's peremptory challenge was nondiscriminatory.

Similarly unavailing is defendant's contention that County Court erred in allowing the People to cross-examine him regarding his prior conviction for robbery in the third degree and the underlying facts thereof. Although the prior crime was similar in nature to the charged crime, raising the possibility that the jury would perceive defendant to be a person with a propensity to commit such crimes, such similarity is only one factor to be considered in making a *Sandoval* ruling (*see People v Saunders*, 309 AD2d 1063, 1065 [2003]; *People v Bell*, 249 AD2d 777, 778 [1998], *lv denied* 92 NY2d 922 [1998]). Given that the prior robbery conviction was highly probative on the issue of defendant's credibility and that defendant's version of events sharply conflicted with those of Mehmood and two eyewitnesses, we perceive no abuse of discretion in County Court's ruling (*see People v Willis*, 282 AD2d 882, 882-883 [2001], *lv denied* 96 NY2d 869 [2001]; *see also People v Sandoval*, 34 NY2d 371, 375 [1974]).

We have considered defendant's remaining arguments and conclude that they are either unpreserved for our review or meritless.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.