■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME ELLIS, Appellant. [778 NYS2d 555]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 4, 2003, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts) and resisting arrest.

On July 23, 2001, Parole Officer Kevin McCarthy, accompanied by two deputies from the U.S. Marshals Service and a Binghamton police sergeant, went to an apartment in the City of Binghamton, Broome County, to arrest defendant on a federal warrant. After gaining entry and encountering defendant lying on a couch, they advised him of the warrant and directed him to get up. Defendant ran past the officers, temporarily barricading himself in the bathroom, however, the officers forcibly opened the bathroom door. Since defendant ignored the officers' orders to get down on the floor, he was sprayed with pepper spray. When that failed to secure his compliance, McCarthy drew his baton and struck defendant on the forearm. Defendant grabbed a toilet plunger, swung it at the officers and struck McCarthy on his right wrist. After one of the deputies threatened to shoot, defendant cooperated and was taken into custody.

Defendant was indicted for assault in the second degree (two counts) and resisting arrest. After a jury trial, he was convicted on all counts and, thereafter, sentenced on his convictions for assault in the second degree to concurrent three-year prison terms together with a five-year period of postrelease supervision. He was given a conditional discharge on the resisting arrest conviction. Defendant appeals.

Initially, defendant, an African-American, claims his right to equal protection was violated when the prosecution used a peremptory challenge for discriminatory purposes to strike the only African-American juror from the venire (*see Batson v Kentucky*, 476 US 79 [1986]). To establish a *Batson* claim, a defendant is first required to "make out a prima facie case of purposeful discrimination by showing that the facts and circumstances

of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason" (*People v Smocum*, 99 NY2d 418, 421 [2003]). Upon such a showing, the burden shifts to the prosecution to offer "racially neutral explanations for [the] challenges" (*People v Bolling*, 79 NY2d 317, 320 [1992]). If "a race-neutral explanation is given, the defendant bears the ultimate burden of demonstrating, as a factual matter, that the explanation given is merely a pretext for intentional discrimination" (*People v Beverly*, 6 AD3d 874, 875 [2004]; *see People v Smocum, supra* at 422).

Here, the prospective juror in question was the first called from the venire and was seated as juror number one. After the first round of questioning, the prosecutor exercised his peremptory challenges to strike four of the first 12 prospective jurors. Juror number one was among the four and defense counsel immediately raised the *Batson* issue. In response, the prosecutor proffered several race-neutral explanations. All were rejected by County Court except the one pertaining to the use of restraint and force in connection with the juror's employment at a nursing home. Upon inquiry by the court, the juror indicated that force sometimes had to be used, in accordance with the nursing home's policy, to keep residents and staff safe, although it was policy to "just back off and just let them calm down." Since the necessity and extent of McCarthy's use of force was at issue, we find that County Court properly determined that juror number one's job experience regarding the use of force was a nonpretextual explanation which defendant failed to counter. Having failed to "carry his burden of demonstrating pretext" (*People v Beverly, supra* at 874), we agree with County Court's conclusion that the People's peremptory challenge was nondiscriminatory. Furthermore, because "a party asserting a [*Batson*] claim . . . should articulate and develop all of the grounds supporting the claim" (*People v Childress*, 81 NY2d 263, 268 [1993]), we are unpersuaded by defendant's argument that County Court erred when, after ruling against the prosecutor on his initial explanations, it accepted his additional explanation that it was the juror's employment that formed the basis of his objection.

Next, defendant contends that the trial evidence was legally insufficient to support the assault charges because McCarthy did not sustain a "physical injury" within the meaning of Penal Law § 120.05 (2) and/or (3). Proof of physical injury requires a showing of either "impairment of [a] physical condition" or "substantial pain" (Penal Law § 10.00 [9]). McCarthy testified that his hand was "quite sore" and swollen. He stated that he could not flex his wrist, which turned black and blue, and, when

he tried to manipulate it, he felt sharp pain. Although he did not suffer any broken bones, McCarthy wore a supportive brace for three days and worked light duty for approximately one week. We find that the foregoing proof constituted legally sufficient evidence of physical injury within the meaning of Penal Law § 120.05 (2) and (3) (*see People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]; *People v Colantonio*, 277 AD2d 498, 500 [2000], *lv denied* 96 NY2d 781 [2001]) and that the verdict, when viewed in a neutral light, is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant also contends that his three-year sentence should be modified to a one-year sentence. However, as he concedes, his three-year sentence was the minimum authorized inasmuch as he was sentenced as a second felony offender upon convictions for assault in the second degree (two counts), a class D violent felony (*see* Penal Law § 70.02 [1] [c]; § 70.06 [6]; § 120.05). Contrary to defendant's argument, we find that his sentence is not unconstitutionally disproportionate to the crimes committed (*see People v Broadie*, 37 NY2d 100, 111 [1975]) and, therefore, will not be set aside.

We do not find merit, however, in defendant's argument that County Court improperly imposed a five-year period of postrelease supervision. The period of postrelease supervision is five years based on defendant's status as a second felony offender (*see* Penal Law § 70.45 [2]); *People v Matthews*, 306 AD2d 863, 864 [2003]; *People v Lockett*, 303 AD2d 947, 948 [2003], *lv denied* 1 NY3d 575 [2003]).

Mercure, Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed. [As amended by unpublished order entered Sept. 21, 2004.]