■ The People of the State of New York, Respondent, v Pamela Hennigan, Appellant. [796 NYS2d 478]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered May 19, 2004. The judgment convicted defendant, after a nonjury trial, of assault in the second degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, following a nonjury trial, of three counts of assault in the second degree (Penal Law § 120.05 [3], [7]). Defendant's motion to dismiss was based only on one of the grounds advanced on appeal, and thus defendant failed to preserve for our review her additional challenges to the alleged legal insufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, all of defendant's challenges to the legal sufficiency of the evidence lack merit. We note in particular that the evidence is legally sufficient to establish that the first correction officer sustained an "impairment of [her] physical condition or substantial pain" (Penal Law § 10.00 [9]; *see also People v LaDuca*, 292 AD2d 851, 851-852, *lv denied* 98 NY2d 652 [2002]; *People v Sullivan*, 284 AD2d 917, 917-918 [2001], *lv denied* 96 NY2d 942, 97 NY2d 658 [2001]), and it is legally sufficient to establish causation with respect to the injury sustained by the second correction officer (*see People v Pierce*, 201 AD2d 677 [1994], *lv denied* 83 NY2d 914 [1994]; *People v Douglas*, 143 AD2d 452, 453 [1988]; *see also People v Shongo*, 288 AD2d 920 [2001], *lv denied* 97 NY2d 733 [2002]).

We reject defendant's further contention that County Court erred in admitting at trial statements made by defendant during her altercation with the correction officers because the CPL 710.30 notice failed to list those statements. The challenged statements were made at a time when defendant was not in

custody for *Miranda* purposes (*see People v Alls*, 83 NY2d 94, 100 [1993], *cert denied* 511 US 1090 [1994]). Furthermore, they were not in response to police questioning and their voluntariness was not at issue. Thus, a CPL 710.30 notice was not required with respect to the statements (*see People v Turner*, 233 AD2d 932, 934 [1996], *lv denied* 89 NY2d 1102 [1997]; *People v McFadden*, 126 AD2d 970 [1987], *lv denied* 69 NY2d 953 [1987]).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.