THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALIQ CLARK, Appellant. [838 NYS2d 760]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered July 13, 2006. The judgment convicted defendant, upon a jury verdict, of assault on a peace officer and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of assault on a peace officer and dismissing count one of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of assault on a peace officer (Penal Law § 120.08) and assault in the second degree (§ 120.05 [7]). Contrary to the contention of defendant, his waiver of the right to counsel was knowing, voluntary and intelligent. County Court

undertook the requisite searching inquiry into defendant's age, education and familiarity with the legal system before accepting defendant's decision to proceed pro se (*see People v Arroyo*, 98 NY2d 101, 103-104 [2002]). Further, the court and defense counsel warned defendant of the risks associated with proceeding pro se (*see People v Smith*, 92 NY2d 516, 520 [1998]; *People v Vivenzio*, 62 NY2d 775 [1984]). Defendant further contends that he received ineffective assistance of counsel. However, "[b]y exercising his right to proceed pro se, defendant waived [that] contention" (*People v Peterkin*, 12 AD3d 1026, 1028 [2004], *lv denied* 4 NY3d 766 [2005]).

As defendant correctly contends, the evidence is legally insufficient to support the conviction of assault on a peace officer because the record is devoid of evidence that the correction officer sustained a serious physical injury (*see* Penal Law § 10.00 [10]; § 120.08). We therefore modify the judgment accordingly. There was no evidence that the injury to the correction officer's right elbow or right knee "caused a protracted impairment of [the correction officer's] health," nor did those injuries constitute a "protracted loss or impairment of the function of any bodily organ" (*People v Horton*, 9 AD3d 503, 505 [2004], *lv denied* 3 NY3d 707 [2004]; *see* § 10.00 [10]; *People v Phillip*, 279 AD2d 802, 803 [2001], *lv denied* 96 NY2d 905 [2001]). In light of our determination, we need not reach defendant's remaining contentions concerning the sufficiency or weight of the evidence with respect to the conviction of assault on a peace officer. Defendant's challenge to the legal sufficiency of the evidence with respect to the conviction of assault in the second degree is unpreserved for our review because defendant sought dismissal of that count on a ground different from that set forth on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Hennigan*, 19 AD3d 1102 [2005], *lv denied* 5 NY3d 806 [2005]). In any event, defendant's contention lacks merit. The evidence is legally sufficient to establish that defendant caused the correction officer's injuries and that the correction officer sustained a physical injury and, contrary to defendant's further contention, the verdict is not against the weight of the evidence with respect to that count (*see* § 10.00 [9]; *Hennigan*, 19 AD3d at 1102; *People v Ellis*, 8 AD3d 826, 828-829 [2004], *lv denied* 3 NY3d 673 [2004]; *People v Porter*, 305 AD2d 933, 933-934 [2003], *lv denied* 100 NY2d 586 [2003]). Defendant failed to preserve for our review his challenge to the court's jury instructions (*see* CPL 470.05 [2]), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We further agree with defendant that the court's *Sandoval*

ruling constitutes an abuse of discretion. The "exercise of a trial court's *Sandoval* discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning" (*People v Walker*, 83 NY2d 455, 459 [1994]). Here, however, the court failed to set forth any basis for its *Sandoval* ruling, and we conclude therefrom that the court abdicated its responsibility to balance the *Sandoval* factors and determine that the probative value of the evidence outweighed the potential prejudice to defendant (*see People v Williams*, 56 NY2d 236, 239-240 [1982]; *People v Arnold*, 298 AD2d 895, 895-896 [2002], *lv denied* 99 NY2d 580 [2003]). Nevertheless, we conclude that the error is harmless. "[T]he proof of defendant's guilt [of assault in the second degree] is overwhelming, and there is no significant probability that the jury would have acquitted defendant had it not been for the error" (*Arnold*, 298 AD2d at 896; *see generally People v Grant*, 7 NY3d 421, 423-425 [2006]).

We reject the further contention of defendant that he was denied his constitutional right to a speedy trial (*see generally People v Taranovich*, 37 NY2d 442, 444-445 [1975]). "The preindictment delay of [11] months is not unreasonable, and defendant's conclusory allegations of prejudice are otherwise insufficient to support that contention" (*People v Ortiz*, 16 AD3d 1130, 1130 [2005], *lv denied* 5 NY3d 766 [2005]; *see People v Beyah*, 302 AD2d 981 [2003], *lv denied* 99 NY2d 626 [2003]; *People v Lush*, 249 AD2d 896, 896-897 [1998]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Green, JJ.