■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DOYLE, Appellant. [856 NYS2d 786]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered October 26, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [2]). We reject defendant's contention that County Court erred in refusing to suppress evidence, i.e., heroin, based on an inadequate chain of custody. " '[T]he circumstances provide reasonable assurances of the identity and unchanged condition' of the evidence" (People v Julian, 41 NY2d 340, 343 [1977]), and any deficiencies in the chain of custody went to the weight of the evidence, not its admissibility (see People v Madison, 8 AD3d 956, 957 [2004], lv denied 3 NY3d 709 [2004]).

We reject the further contention of defendant that he was denied his constitutional right to a speedy trial based on the People's failure to indict him until nine months after the underlying incident (see generally People v Taranovich, 37 NY2d 442, 445-447 [1975]). Here, the nine-month delay was not unreasonable (see People v Clark, 42 AD3d 957, 959 [2007], lv denied 9 NY3d 960 [2007]; People v Ortiz, 16 AD3d 1130 [2005], lv denied 5 NY3d 766 [2005]), defendant was incarcerated based on a prior conviction throughout the delay (see People v Jenkins, 2 AD3d 1390, 1391 [2003]), and he failed to establish that the delay resulted in any actual prejudice (see Clark, 42 AD3d at 959). Present—Martoche, J.P., Centra, Lunn, Peradotto and Green, JJ.