Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered July 18, 2013. The judgment revoked defendant’s sentence of probation and imposed a sentence of incarceration.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment, entered upon his admission to violating the terms of his probation, revoking a previously imposed sentence of probation and sentencing him to a term of incarceration on the underlying conviction of grand larceny in the fourth degree (Penal Law § 155.30 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of an additional charge of grand larceny in the fourth degree (§ 155.30 [7]).
Defendant did not move to withdraw his admission or plea or to vacate the judgment of conviction in either appeal and thus failed to preserve for our review his contention in either appeal that his admission or plea of guilty was not voluntarily entered (see People v Boyden, 112 AD3d 1372, 1372-1373 [2013], lv denied 23 NY3d 960 [2014]; People v Ruffins, 78 AD3d 1627, 1628 [2010]; People v Diaz, 62 AD3d 1252, 1252 [2009], lv denied 12 NY3d 924 [2009]). This case does not fall within the narrow exception to the preservation requirement (see generally People v Lopez, 71 NY2d 662, 666 [1988]). Insofar as defendant contends in appeal No. 2 that County Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds, we note that, “[w]hen defendant entered a plea of *1373 guilty[,] he forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30” (People v O’Brien, 56 NY2d 1009, 1010 [1982]; see People v Paduano, 84 AD3d 1730, 1730 [2011]; People v Faro, 83 AD3d 1569, 1569 [2011], lv denied 17 NY3d 858 [2011]). Although defendant’s contention that he was deprived of his constitutional right to a speedy trial survives his plea of guilty (see People v Romeo, 47 AD3d 954, 957 [2008], affd 12 NY3d 51 [2009], cert denied 558 US 817 [2009]), “defendant moved to dismiss the indictment on statutory speedy trial grounds only and thus failed to preserve for our review his present contention that he was denied his constitutional right to a speedy trial” (People v Weeks, 272 AD2d 983, 983 [2000], lv denied 95 NY2d 872 [2000]; see People v Chinn, 104 AD3d 1167, 1169 [2013], lv denied 21 NY3d 1014 [2013]; People v Bradberry, 68 AD3d 1688, 1690 [2009], lv denied 14 NY3d 838 [2010]). In any event, that contention is without merit. Upon our review of the record in light of the factors relevant to such a challenge (see People v Taranovich, 37 NY2d 442, 445 [1975]), we conclude that those factors would have compelled denial of such a motion, and we note in particular that “there [was] a complete lack of any evidence that the defense was impaired by reason of the delay” (People v Benjamin, 296 AD2d 666, 667 [2002]; see People v Pulvino, 115 AD3d 1220, 1222-1223 [2014], lv denied 23 NY3d 1024 [2014]; People v Doyle, 50 AD3d 1546, 1546 [2008]).
Finally, the sentence is not unduly harsh or severe.
Present— Scudder, PJ., Smith, Carni, Lindley and Sconiers, JJ.