■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ROLANDO, Also Known as RONALDO VINCENT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered February 8, 1989, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of robbery in the second degree to robbery in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted do the Supreme Court, Kings County, for resentencing.

The evidence adduced at trial was legally insufficient to establish that the defendant caused "physical injury" to the complaining witness. "[P]hysical injury" is an essential element of the crime of robbery in the second degree (Penal Law § 160.10 [2] [a]). The term "physical injury" is defined by Penal Law § 10.00 (9) as "impairment of physical condition or substantial pain". The complaining witness testified that during the course of the robbery he struggled with the defendant causing him to sustain a bruised shoulder and a couple of scratches on his hand. He did not go to the hospital or otherwise seek medical treatment for these injuries. Although the complaining witness stated that his bruised shoulder caused him some pain and as a result he could not move his arm for a few days, he claimed that this condition did not cause him much concern nor did he amplify the nature and extent of the alleged immobility. He also admitted that the scratches did not cause him pain. The subjective testimony of the complaining witness as to the pain he suffered did not reach the objective level of proof required to demonstrate that such pain was "substantial" *(see, Matter of Philip A.,* 49 NY2d 198, 200; *People v Franklin,* 149 AD2d 617). Nor is the

prosecution's evidence sufficient to establish that the complaining witness suffered any impairment of his physical condition *(see, Matter of Philip A., supra)*. Accordingly, the conviction of robbery in the second degree cannot stand. The People's evidence was, however, sufficient to establish the defendant's guilt of robbery in the third degree. Since robbery in the third degree is a lesser included offense of robbery in the second degree *(see, People v Ceballos,* 98 AD2d 475), we are authorized under CPL 470.15 (2) to reduce the defendant's conviction to robbery in the third degree and to remit the matter to the Supreme Court for resentencing *(see, People v Franklin, supra; see also, People v Ingram,* 143 AD2d 448, 450; *People v Manning,* 140 AD2d 284; *cf., People v Windbush,* 163 AD2d 591; *People v Contreras,* 108 AD2d 627).

We have considered the defendant's remaining arguments and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.