THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BENJAMIN GALLETTA, Appellant.

First Department, October 29, 1991

### APPEARANCES OF COUNSEL

*Steven R. Kartagener* of counsel *(Roger L. Stavis* with him on the brief; *Kartagener & Stavis,* attorneys), for appellant.

*Colin Aldrin Fieman* of counsel *(Carol A. Remer-Smith* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

### OPINION OF THE COURT

KUPFERMAN, J.

On the night of July 24, 1987, defendant, a transit police officer on plainclothes patrol duty in the Christopher Street subway station, detained a college student for jumping a turnstile. When the student's friend intervened, apparently unaware that defendant was a police officer, the situation escalated, resulting in the charges and convictions under review.

While the trial lasted three weeks and produced an almost 1,900-page transcript, the issues warranting discussion concern the trial court's discharge of a juror and defendant's convictions for assault in the third degree and verbal harassment.

*People v Page* (72 NY2d 69, 73) sets forth the relevant factors that a trial court must balance prior to discharging a juror on the grounds of incapacity to serve pursuant to CPL 270.35. The court must weigh "the stage of trial, the expected length of the absence of the juror if known, whether the juror's return is ascertainable and reasonably imminent and certain, whether reasonable attempts have been made to

locate the absent juror, and other relevant circumstances such as the continued availability of key witnesses." *(Supra,* at 73.) Moreover, the trial court must conduct "a reasonably thorough inquiry" and recite on the record the facts and reasons for replacing the unavailable juror. *(Supra,* at 73.)

Here the juror advised the court one week prior to his absence of weekend travel plans and the foreseeable event that he might not have a flight returning in time to allow resumption of his duties in court the following Monday morning. The juror called the court staff early on Monday prior to the commencement of proceedings to advise that he was in Florida attempting to secure a flight on "standby". Although the Trial Judge acquiesced in defense counsel's request to telephone the absent juror to find out if there was any way that he could return by Tuesday morning, she merely told the juror to make all efforts to book an earlier flight and to return as soon as possible. Then, over objection by defense counsel, the court criticized the juror's actions as irresponsible and decided that with no assurances as to his availability the next day, his discharge was warranted. The defense consented to his discharge provided the juror did not return the next morning. He did so return, but the court had already discharged him and continued the trial in his absence. *(See, People v Watkins,* 157 AD2d 301, 310.)

■ Applying the *Page* factors, the trial court's abrupt decision to replace the juror did not properly measure the defendant's important rights in jury selection. First, the court had determined the juror's whereabouts, yet no further attempts were made to ascertain the success of his ongoing return flight efforts. Defense counsel's request for a one-day adjournment to allow the juror's return was reasonable, especially in view of the lack of opposition by the People. *(See, People v Washington,* 75 NY2d 740, *revg on dissenting mem of Carro, J.,* 151 AD2d 384, 385.)* Had the absent juror not appeared the next morning, the court then could have proceeded to discharge him. Second, the stage of the trial and witness availability factors counseled patience. As only the summations and jury charge remained, no further witnesses were required and the better course would have been to adjourn the trial one day before proceeding further. *(See, People v Washington, supra; People v Watkins, supra,* at 308-309.)

■ Moreover, after examining the photographs depicting various bruises and marks on the complaining witness as well as the testimony in the record, we do not believe that the

bruises depicted or the victim's description of his pain, coupled with the fact that he did not seek medical attention for his bruises, the worst of which healed in about a week, are sufficient to support an assault conviction. While the bruises depicted undoubtedly caused some pain to the complainant, the necessary evidence of "substantial pain" is lacking and dismissal of the assault charge is warranted. *(See, People v Rodriguez,* 158 AD2d 376.)

■ Finally, as conceded by the People, the defendant's harassment conviction under Penal Law § 240.25 (2) for "us-[ing] abusive [and] obscene language" in a public place must be reversed and the corresponding count in the indictment dismissed. In *People v Dietze* (75 NY2d 47, 50), the Court of Appeals struck down this statute for overbreadth, because "the statute, on its face, prohibits a substantial amount of constitutionally protected expression, and * * * its continued existence presents a significant risk of prosecution for the mere exercise of free speech[.]" As this case is on direct appeal, *Dietze* controls retroactively. *(See, People v Pepper,* 53 NY2d 213, *cert denied* 454 US 967.)* Therefore, we reverse the defendant's verbal harassment conviction under the invalid section of this statute and dismiss the related count in the indictment.

Accordingly, the judgment of the Supreme Court, New York County (Rena K. Uviller, J.), rendered March 20, 1989, convicting defendant, after a jury trial, of assault in the third degree, official misconduct and two counts of harassment and sentencing him to concurrent definite terms of six months' imprisonment for the assault and official misconduct convictions and a conditional discharge on each harassment conviction, should be reversed, on the law, the sentences imposed thereon should be vacated, and those counts of the indictment charging assault in the third degree and verbal harassment pursuant to Penal Law § 240.25 (2) dismissed, and the case should be remanded for a new trial on the remaining counts of the indictment.

SULLIVAN, J. P., CARRO and MILONAS, JJ., concur.

Judgment, Supreme Court, New York County, rendered March 20, 1989, reversed, on the law, the sentences imposed thereon vacated, and those counts of the indictment charging assault in the third degree and verbal harassment pursuant to Penal Law § 240.25 (2) dismissed, and the case is remanded for a new trial on the remaining counts of the indictment.