■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE CARNEY, Appellant.

The evidence adduced at the trial was legally insufficient to establish that the defendant caused "physical injury" to the complaining witness. Physical injury is an essential element of the crime of robbery in the second degree (Penal Law § 160.10 [2] [a]) and is defined as an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The complaining witness testified that during the course of the robbery she sustained bruises on her arm and neck. She took Tylenol and used rubbing alcohol for a week, but did not seek medical attention. She did not testify about the nature or extent of her pain or state that any of her daily activities were curtailed. Accordingly, the People's evidence was insufficient to establish that the complaining witness suffered "substantial pain" or impairment of her physical condition *(see, Matter of Philip A.,* 49 NY2d 198, 200; *People v Galletta,* 171 AD2d 178; *People v Rolando,* 168 AD2d 578). Therefore, the conviction for robbery in the second degree is reduced to its lesser included offense of robbery in the third degree *(see, People v Franklin,* 149 AD2d 617; *People v Rolando, supra; People v Ceballos,* 98 AD2d 475).

We reject, however, the defendant's contention that he was deprived of his right to counsel on the ground that his trial attorney had been convicted of three counts of forgery in the third degree, a class A misdemeanor. The order of the Appellate Division, First Department, suspending the attorney, was not issued until January 19, 1989, one week after the defendant's trial was concluded *(see, Matter of Bedell,* 144 AD2d 99). Therefore, the attorney was not yet suspended when he

represented the defendant at the trial, which concluded on January 12, 1989 *(see,* Judiciary Law § 90 [4] [f]).

Moreover, the record demonstrates that the attorney afforded the defendant meaningful representation. The defendant's contention that his attorney was harboring the "secret" that he had been convicted of three misdemeanors, and thus his fear of being discovered affected his decision to proceed by way of a bench trial, is unsupported by the record. The defendant informed the court that it was he who wanted a bench trial because he was dissatisfied with the jury. Additionally, the attorney informed the court in the defendant's presence that he had advised the defendant of the differences between a bench trial and a jury trial and on the record enumerated some of those differences. The defendant then confirmed on the record that he wanted a bench trial. Accordingly, there is no merit to the defendant's contention that he was pressured into waiving a jury trial by his attorney.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Rosenblatt and O'Brien, JJ., concur.