THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELTON THOMAS, Appellant. [608 NYS2d 251] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered September 25, 1991, convicting him of sodomy in the first degree and sexual abuse in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant claims that his trial attorney was under criminal indictment for a felony while representing the defendant at trial and that this affected the attorney's performance. The facts concerning the attorney's alleged indictment, subsequent conviction, and disbarment are not established by this record. In any event, the defendant's claim that this situation warrants application of a per se rule of ineffective assistance of counsel is without merit (see, e.g., *People v Carney,* 179 AD2d 818). Moreover, the record demonstrates that the attorney afforded the defendant meaningful representation (see, *People v Creech,* 183 AD2d 777; *People v Badia,* 159 AD2d 577, 578).

We have considered the defendants' remaining contention and find it to be without merit. Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.