■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEMAR C. THORPE, Appellant. [666 NYS2d 664] —Appeal by the defendant from a judgment of the County Court, Rockland

County (Nelson, J.), rendered December 19, 1995, convicting him of burglary in the first degree, assault in the third degree (two counts), menacing in the second degree, and criminal contempt in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of assault in the third degree under the ninth count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On March 10, 1995, the defendant, who had waited for the complainant in the hallway by her apartment, threw the complainant against the wall and punched her in the head. After the incident, the complainant went to the hospital complaining of a severe headache. Fourteen days later, the defendant went to the complainant's apartment, kicked down the door and repeatedly beat and threatened the complainant until she finally escaped through the window. This subsequent assault required the complainant to be hospitalized for five days.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree beyond a reasonable doubt (*see, People v Cowan,* 184 AD2d 778). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, we agree with the defendant's contention that the People failed to present any evidence as to physical impairment or pain or the extent of pain suffered to establish "physical injury" (Penal Law § 10.00 [9]; § 120.00) for the incident occurring on March 10, 1995 (*see, Matter of Philip A.,* 49 NY2d 198, 200; *People v Briggs,* 220 AD2d 762; *People v Carney,* 179 AD2d 818; *People v Smith,* 176 AD2d 904, 905). Accordingly, the conviction of assault in the third degree under the ninth count of the indictment is reversed.

The sentence is not excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.