■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GUADMUZ, Appellant. [881 NYS2d 316]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered July 3, 2008, convicting him of robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not denied the effective assistance of counsel due to an alleged conflict of interest. A defendant alleging ineffective assistance of counsel based on a conflict of interest must do more than show that defense counsel had a potential conflict of interest. To prevail, the defendant must establish that the conflict of interest in fact affected the conduct of his or her defense (*see People v Abar,* 99 NY2d 406 [2003]; *People v Longtin,* 92 NY2d 640, 644 [1998], *cert denied* 526 US 1114 [1999]; *People v Alicea,* 61 NY2d 23, 31 [1983]). The defendant failed to do so here (*see People v Jordan,* 83 NY2d 785, 787 [1994]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, since he failed to address any specific ground as a basis for dismissal in the Supreme Court (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 491-492 [2008]; *People v Lawson,* 40 AD3d 657 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, based upon an acting-in-concert theory (*see* Penal Law § 20.00). Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.