Appeal by the defendant (1) from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered October 6, 2008, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from so much of an order of the same court, dated June 7, 2010, as denied, without a hearing, that branch of his motion which was pursuant to CPL 440.10 to vacate the judgment of conviction.
Ordered that the judgment is affirmed; and it is further,
Ordered that the order is affirmed insofar as appealed from.
Viewing the evidence in the light most favorable to the prosecution, we find that the conviction of robbery in the second degree was supported by legally sufficient evidence (see People v Contes, 60 NY2d 620, 621 [1983]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
We find unpersuasive the defendant’s contention that he was denied the effective assistance of counsel by reason of a purported conflict of interest on the part of his trial counsel. The record reveals that approximately 15 days prior to the commencement of the defendant’s trial, the Suffolk County District Attorney’s Office executed a search warrant at trial counsel’s law office. Approximately two months after the defendant’s conviction, but before sentencing, the trial court was made aware of the pending investigation and, at the defendant’s request, assigned new counsel to represent the defendant. Thereafter, the defendant moved pursuant to CPL 330.30 to set *787 aside the verdict on the ground that his trial counsel had labored under a conflict of interest. The trial court denied the motion. Following the imposition of sentence, the defendant eventually moved pursuant to CPL 440.10 to vacate the judgment of conviction, again on the ground of conflict of interest, and again the motion was denied.
“The right to effective counsel ensures not only meaningful representation but also the assistance of counsel that is ‘conflict-free and singlemindedly devoted to the client’s best interests’ ” (People v Berroa, 99 NY2d 134, 139 [2002], quoting People v Longtin, 92 NY2d 640, 644 [1998], cert denied 526 US 1114 [1999]). Accordingly, “where a defendant makes a conflict-based claim of ineffective assistance of counsel, two questions arise. First, the court must determine whether there was a potential conflict of interest (People v Abar, 99 NY2d 406, 409 [2003]). Second, a ‘defendant must show that the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation’ (People v Ortiz, 76 NY2d 652, 657 [1990] [internal quotation marks omitted])” (People v Konstantinides, 14 NY3d 1, 10 [2009]; see People v Harris, 99 NY2d 202, 210 [2002]; People v Tisone, 85 AD3d 1066 [2011]; People v Guadmuz, 63 AD3d 1178 [2009]). Here, even if it is assumed that trial counsel was aware that he was a target of the investigation so as to satisfy the first prong of the foregoing inquiry, the defendant has failed to come forward with any evidence establishing that the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation. Therefore, his contention is unavailing (see People v Konstantinides, 14 NY3d at 14; see also People v Solomon, 20 NY3d 91 [2012]; People v Guadmuz, 63 AD3d 1178 [2009]). In this regard, while we share our dissenting colleague’s concern that a criminal defendant’s right to the effective assistance of counsel never be compromised by the personal interests of the attorney representing him, we decline to adopt the per se rule advocated by the dissent, which would require reversal absent a showing of any effect which the conflict may have had on the representation, as expressly contrary to clear and established precedent (see People v Konstantinides, 14 NY3d at 14; People v Abar, 99 NY2d at 411). Furthermore, the dissent’s suggestion that the defendant’s trial counsel in this case procured a more favorable disposition with regard to his own charges by failing to zealously represent the defendant at trial is unsupported by the record and is manifestly inconsistent with the evidence of meaningful representation afforded by trial counsel, who provided vigorous and competent representation to the defendant at every stage of the proceed *788 ings (see People v Thomas, 201 AD2d 687, 688 [1994]; People v Carney, 179 AD2d 818, 819 [1992]).
The defendant has failed to preserve for appellate review his contention that the sentence imposed by the County Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Garcia, 66 AD3d 699, 701 [2009]; People v Smith, 49 AD3d 904, 906 [2008]; People v Gillian, 28 AD3d 577 [2006], affd 8 NY3d 85 [2006]; People v Chapero, 23 AD3d 492, 493 [2005]). In any event, contrary to the defendant’s contention, the fact that the sentence imposed after trial was greater than the term offered during plea negotiations is no indication that the defendant was punished for asserting his right to proceed to trial (see People v Pena, 50 NY2d 400, 411 [1980], cert denied 449 US 1087 [1981]; People v Brock, 69 AD3d 644 [2010]; People v DeHaney, 66 AD3d 1040, 1041 [2009]; People v Garcia, 66 AD3d at 701; People v Smith, 49 AD3d 904, 906 [2008]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.E, Dillon, and Sgroi, JJ., concur.