Judgment, Supreme Court, New York County (Marcy L. Kahn, J., at suppression hearing; Ronald A. Zweibel, J., at nonjury trial and sentencing), rendered March 3, 2011, convicting defendant of burglary in the second degree and two counts of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court’s determinations concerning credibility. The evidence supported the conclusion that a bank employee sustained physical injury during this incident. Relatively minor injuries (see People v Chiddick, 8 NY3d 445, 447 [2007]), including injuries not requiring medical treatment (see People v Guidice, 83 NY2d 630, 636 [1994]) may meet the statutory threshold for physical injury. Here, the victim sustained injuries to his shin and elbow that interfered with his walking, writing and sleeping for several days.
The hearing court properly denied defendant’s motion to suppress his statements to police. When the evidence of the conversation between defendant and a detective is viewed in its entirety, it supports the court’s finding that defendant did not unequivocally invoke his right to remain silent or notify the police that he wished to cease the interview (see People v Cole, 59 AD3d 302 [1st Dept 2009], lv denied 12 NY3d 924 [2009]). In any event, in light of the overwhelming evidence of defendant’s guilt, any error in admitting the challenged statement was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant’s ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel’s strategic choices (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Ben *465 evento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). The record does not establish that counsel should have pursued an intoxication defense, that such a defense was likely to have succeeded, or that any comments defense counsel made in colloquies with the trial court undermined defendant’s case or affected the outcome of the trial.
The sentencing record fails to support defendant’s assertion that the sentences on the attempted robbery convictions did not reflect the court’s true intent. We perceive no basis for any reduction of sentence. Concur—Friedman, J.P., Sweeny, Acosta, Abdus-Salaam and Manzanet-Daniels, JJ.