[994 NYS2d 510]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v LARKIN ELLIS, Defendant.

Criminal Court of the City of New York, New York County, August 25, 2014

**APPEARANCES OF COUNSEL**

*The Legal Aid Society* (*Anna Ulrich* of counsel) for defendant.

*Cyrus R. Vance, Jr., District Attorney (Megan McDermott* of counsel), for plaintiff.

**OPINION OF THE COURT**

STEVEN M. STATSINGER, J.

Did *People v Golb* (23 NY3d 455 [2014]), which held that Penal Law § 240.30 (1) (a) is unconstitutional, also invalidate, as a matter of law, all final orders of protection entered in connection with convictions under that section? This is the novel question raised in defendant's motion to dismiss one count of criminal contempt in the second degree. For the reasons that follow, the motion is denied.[1] Defendant also moves to suppress certain statements; as to that motion, the court orders a *Dunaway/ Huntley* hearing.

## I. Factual Background

### A. The Allegations

According to the accusatory instrument, on July 4, 2014, defendant struck the complainant, his mother-in-law, in the head and threatened to kill her. This conduct was in violation of a final order of protection entered on August 1, 2011, in favor of the complainant. The order expires on August 1, 2016.

The order of protection was entered in connection with defendant's August 1, 2011 guilty plea to aggravated harassment in the second degree, in violation of Penal Law § 240.30 (1) (a).

### B. Legal Proceedings

On July 11, 2014, defendant was arraigned on a misdemeanor complaint charging him with one count each of criminal contempt in the second degree, in violation of Penal Law § 215.50 (3) (count one), attempted assault in the third degree, in violation of Penal Law §§ 110.00 and 120.00 (1) (count two), and harassment in the second degree, in violation of Penal Law § 240.26 (1) (count three). Bail was set, and the case was adjourned to July 16, for conversion.

On July 16, 2014, the People filed a supporting deposition from the complainant. Defendant filed the instant motion to dismiss on July 25, and the People responded on August 4. The matter has been sub judice since then.

---

**1.** In deciding this motion, the court has considered defendant's motion papers, the People's opposition and the relevant statutes and cases.

## II. Discussion

Defendant's argument is predicated on two assertions. The first is that *Golb* "must be retroactively applied," and thus that Penal Law § 240.30 (1) (a) was *"always* unconstitutional." The second is that a court lacks the jurisdiction to enter an order of protection when the "statute purporting to give the court jurisdiction is unconstitutional." Characterizing this as a "jurisdictional impediment," and invoking CPL 170.30 (1) (f), defendant argues that the count charging him with criminal contempt in the second degree for violating that order must be dismissed. The court disagrees.

### A. *Golb* and Retroactivity

There is no New York precedent to support defendant's claim that *Golb* must be applied retroactively, and automatically, to cases—even those where no post-conviction challenge has been mounted—that are long since final. Looking for an analogous situation, this court turned to *People v Dietze* (75 NY2d 47 [1989]), which held that a somewhat related statute, the former Penal Law § 240.25 (2), was unconstitutional. Since *Dietze* was decided, however, no New York court has ever held that *Dietze* retroactively and automatically invalidated every conviction under that section. To the contrary, the only published case on point held that *Dietze* applied retroactively to a case that was *not* final: the case was on direct appeal when *Dietze* was decided. (*See People v Galletta*, 171 AD2d 178 [1st Dept 1991].)

Defendant's conviction under section 240.30 (1) (a) was entered on August 1, 2011, and he did not file a notice of appeal. Even extending as long as possible the window for finality—30 days to file a notice of appeal under CPL 460.10, and the possibility of filing a late notice up to one year later under CPL 460.30 (1)—defendant's case was final long before *Golb* was decided, in May of 2014. And *Golb*, standing on its own, did not vacate any conviction except for that of the defendant therein.

Nor does *Schriro v Summerlin* (542 US 348 [2004]), cited by the defendant, require a different outcome. That decision, in identifying when a new rule applies retroactively, does indeed note that a constitutional ruling that "place[s] particular conduct or persons covered by the statute beyond the State's power to punish" applies retroactively. (*Id.* at 352.) But it clearly refers only to decisions of "this Court" (*id.* at 351)—that is, the United States Supreme Court—and, in any event, does not stand for the proposition that a constitutional ruling *automatically*

undermines past convictions retroactively. It simply means that, in that particular type of case, a federal court is empowered to consider whether a conviction should be vacated in a particular case on collateral—as opposed to direct—review.

While the court does not have a CPL 440.10 motion before it, and is not deciding whether defendant's long-final section 240.30 (1) (a) conviction might be amenable to vacatur under that section in light of *Golb*, it is nevertheless abundantly clear that his conviction under that section did not simply evaporate of its own accord the moment that *Golb* was decided. That conviction was valid when it was entered and remains valid today.

## B. The Order of Protection is Valid

It follows that if defendant's conviction under section 240.30 (1) (a) was valid on July 4, 2014, the date defendant is alleged to have violated the order of protection that arose from that conviction, the order was also valid and in effect on that date.

As to this, the court again turns to *Dietze* as a model. There is not a single published case invalidating an order of protection entered in connection with a pre-*Dietze* conviction under the old version of section 240.25 (2). This strongly suggests that orders of protection entered in connection with pre-*Golb* convictions under section 240.30 (1) (a) remain valid, or at least that *Golb* did not automatically invalidate them.

*People v Konieczny* (2 NY3d 569 [2004]) is the only case even remotely analogous to the situation here that the court can find. To the extent relevant, however, it supports the conclusion that defendant's motion to dismiss is meritless. There, the Court of Appeals rejected a challenge to a criminal contempt conviction that was grounded on a purported non-facial defect in a final order of protection entered after a plea of guilty. The purported defect, as here, was not flagged at the time the order was entered. The Court found that this was not the type of jurisdictional defect that might be raised in a motion to dismiss. To the contrary, "whether the order was valid on the date of the contumacious conduct was a matter to be raised as a defense to the contempt charge, not by insistence that this information was jurisdictionally defective." (2 NY3d at 577 [alterations, internal quotation marks and citation omitted].) The same is true here. Defendant's remedy is not dismissal—there is no facial defect in the instant information, and defendant does not challenge its facial sufficiency in this motion. If he has any remedy at all, it is that noted in *Konieczny*—the possibility of rais-

ing a trial defense that the order of protection was not a valid mandate of the court on the date he is alleged to have violated it.[2]

## C. Public Policy Strongly Supports Denial of Defendant's Motion

Finally, there are sound policy reasons for denying defendant the relief he seeks. First, there are good reasons for demanding that defendants note, and register objections to, any claimed defect in an order of protection at the time the order is entered. As the Court noted in *Konieczny*:

> "Were a defendant able to plead guilty and later challenge the validity of the order as a jurisdictional defect on appeal, both the efficacy of orders of protection and the finality of guilty pleas would be compromised. Since defendant and defense counsel are often the parties most knowledgeable about the background of the order of protection, it is incumbent upon the defense to timely raise any issue relating to the validity of the order." (*Id.* at 577 n 3.)

But there is another, even more urgent, policy matter at stake here. Those who are subject to an order of protection must be discouraged from deliberately violating them as a means of testing their validity. Orders of protection serve important purposes—they help protect the named persons from physical harm, and also give those persons some sense of security or repose. They can rest at least somewhat easier knowing that there is a lawful mandate from a court ordering the person who has harmed them to leave them alone, on pain of arrest and prosecution for criminal contempt. The purposes would be seriously frustrated if a person who is bound by an order of protection and who decided to test the order's validity by deliberately violating the order was then able to obtain a dismissal of the criminal contempt case by claiming that the order was invalid. Granting dismissal here would encourage precisely this behavior and would greatly increase the risk—both physical and emotional—to those who are supposed to be protected.

Rather, a person who is subject to an order of protection and who seeks its vacatur should avail himself of a lawful court process to challenge its validity *before* deliberately violating it. This would give the People, and through them the person protected

---

**2.** That said, however, the specific legal questions as to which defense or defenses might be interposed at trial are not decided here. They will be determined by the trial court.

by the order, notice of the potential defect, and an opportunity to make other arrangements to ensure that person's safety.

D. Conclusion

For all of the above reasons, the court concludes that defendant's conviction under section 240.30 (1) (a) remains valid, at least pending a specific legal challenge to its validity, and that the order of protection that arose under that conviction is valid as well. Defendant's motion to dismiss the criminal contempt charge is accordingly denied.

## III. Conclusion

For the foregoing reasons, defendant's motion to dismiss is denied, and a *Dunaway/Huntley* hearing is ordered.