■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSARIO, Appellant. [993 NYS2d 313]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered July 25, 2012, convicting defendant, after

a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of five years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved, and his argument to the contrary is unavailing (see People v Gray, 86 NY2d 10 [1995]). We decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Although the victim did not testify, the evidence established the element of physical injury, which only requires proof that a victim's injuries were more than mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]), and that they caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]). The jury could have reasonably inferred that a bloody stab wound to the arm, inflicted by means of a sharpened screwdriver, caused substantial pain. In addition, this inference was supported by medical records, including the victim's plainly admissible characterization of his pain (see CPLR 4518 [a]). The evidence, including eyewitness testimony, also supports the conclusion that defendant acted with the requisite intent.

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The remarks at issue were generally responsive to issues raised by the defense, and to the extent there were inappropriate comments, the court's curative actions were sufficient to prevent prejudice.

We have considered and rejected defendant's ineffective assistance of counsel claim (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Gische, JJ.