■ The People of the State of New York, Respondent, v Ernest Covington, Appellant. [13 NYS3d 54]—Judgment, Supreme Court, New York County (Lewis Bart Stone, J., at severance motions; Edward J. McLaughlin, J., at jury trial and sentencing), rendered January 15, 2013, convicting defendant of burglary in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to consecutive terms of 3½ to 7 years and 2 to 4 years, respectively, unanimously modified, on the law, to the extent of reducing the grand larceny conviction to petit larceny and remanding for resentencing on that conviction only, and otherwise affirmed.

The motion court properly exercised its discretion in denying defendant's severance motions. The counts relating to the two incidents at issue were properly joined as sufficiently "similar in law" (CPL 200.20 [2] [c]) to satisfy the principles set forth in *People v Pierce* (14 NY3d 564, 573-574 [2010]), and defendant did not make a sufficient showing to warrant a discretionary severance (*see* CPL 200.20 [3]; *People v Ford*, 11 NY3d 875, 879 [2008]). Defendant's argument about a variance in the proof of the two incidents is unavailing, particularly given defendant's reliable confessions to both crimes. We have considered and rejected defendant's remaining arguments on the joinder/severance issue.

We find that the charge as a whole conveyed the proper standards on witness credibility, inconsistencies in testimony, and the concept of reasonable doubt in the deliberative process, and that the isolated phrases challenged by defendant do not require reversal (*see People v Canty*, 60 NY2d 830, 831-832 [1983]). Although the trial court went beyond the Criminal Jury Instructions, when each of the phrases at issue is viewed in its proper context, we do not find that any of this language was prejudicial or constitutionally deficient.

As the People concede, the evidence was legally insufficient to establish the value element of fourth-degree grand larceny. We perceive no basis for reducing the sentence on the burglary conviction. Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.