■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKI DAVIS, Appellant. [25 NYS3d 590]—Judgment, Supreme Court, New York County (Charles H. Solomon, J., at severance motion; Juan M. Merchan, J., at suppression hearing, jury trial and sentencing), rendered February 19, 2014, convicting defendant of robbery in the second and third degrees, assault in the second degree, grand larceny in the fourth degree, and eight counts of criminal possession of stolen property in the fourth degree, and sentencing him to an aggregate term of nine years, affirmed.

Renwick, J.P., and Moskowitz, J., concur in a separate memorandum by Renwick, J.P., as follows: Contrary to the

view taken by Justice Andrias's concurrence, defendant's present challenge to the joinder under CPL 200.20 (2) (c) is preserved. Defendant's motion is understood to seek severance on discretionary grounds as an alternative to severance for improper joinder pursuant to CPL 200.20 (2) (c). More importantly, in opposing defendant's motion for severance, the People argued that the subject counts were properly joined under CPL 200.20 (2) (c), and the motion court explicitly denied the motion on the ground that the requirements of the subdivision were met.

Under the principles set forth in *People v Pierce* (14 NY3d 564, 573-574 [2010]), the motion court should have granted defendant's motion to sever the counts charging possession of stolen property, relating to eight stolen MetroCards, from the other counts of the indictment, relating to an assault and robbery. The counts were not properly joined under CPL 200.20 (2) (c), because they were not "similar in law," except to the extent that "both offenses involve misappropriated property," which does not suffice (*id.* at 574). Although the counts at issue here are more closely connected, factually, than were the counts in *Pierce*, we reject the People's argument that this difference warrants a different result under the statute. While factual or evidentiary connections between counts may be relevant to joinder and severance under other portions of CPL 200.20 that are not applicable here, CPL 200.20 (2) (c) only involves similarity of statutory provisions defining offenses.

Although the court erred in denying defendant's motion for severance on the ground that the counts were not properly joined for trial (*see* CPL 200.20 [2] [c]), the error was harmless in light of the overwhelming evidence of defendant's guilt and the lack of any prejudice to defendant as a result of the joint trial (*see People v Serrano*, 74 AD3d 1104, 1107 [2d Dept 2010], *lv denied* 15 NY3d 895 [2010]; *People v Singson*, 40 AD3d 1015, 1016 [2d Dept 2007]).

Defendant did not preserve the specific suppression claim he raises on appeal, nor did the hearing court expressly rule on that claim, and we decline to review it in the interest of justice. As an alternative holding, we find that the search was "incident to an actual arrest" (*People v Reid*, 24 NY3d 615, 619 [2014]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We find no basis for reducing the sentence.

Andrias and Saxe, JJ., concur in a separate memorandum by Andrias, J., as follows: Defendant repeatedly punched a fellow passenger (the victim) on a subway train when the two began

tussling after defendant stole his cell phone. Police officers, who had observed defendant hovering near the victim and striking him about the face, arrested defendant when the train doors opened. After defendant was arrested, eight stolen student MetroCards were found in his possession.

Defendant did not preserve the specific suppression claim he raises on appeal, nor did the hearing court expressly rule on that claim, and we decline to review it in the interest of justice. As an alternative holding, we find that the search was "incident to an actual arrest" (*People v Reid*, 24 NY3d 615, 619 [2014]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The jury could have reasonably inferred that the victim suffered injuries which caused substantial pain (*see People v English*, 118 AD3d 558, 558 [1st Dept 2014], *lv denied* 25 NY3d 989 [2015]). Although the victim, who had returned to Ireland, did not testify at trial, an eyewitness, who was also a passenger in the subway car, testified that he saw defendant punch and kick the victim and forcibly take his phone. Two police officers testified that they saw defendant repeatedly strike the victim, who had visible injuries, including a large cut above his eyes, bruises on his face and scratches on his neck. A surveillance video showed the victim on the platform dazed and in pain, and photographs showed that the left side of his face was bruised, swollen and bloodied (*see People v Rosario*, 121 AD3d 424, 425 [1st Dept 2014], *lv denied* 25 NY3d 1170 [2015]).

Defendant's argument that the counts charging possession of stolen property, relating to the eight stolen MetroCards, are not joinable under CPL 200.20 (2) (c) with the counts charging robbery and assault, is not preserved (*see* CPL 470.05 [2]; *People v Watson*, 284 AD2d 212, 213 [1st Dept 2001], *lv denied* 97 NY2d 643 [2001]), and we decline to review it in the interests of justice. In his motion, defendant argued that the charges were not joinable under CPL 200.20 (2) (b) because the evidence of stolen property would not be admissible in the People's case against defendant for robbery and assault. However, with respect to joinder under CPL 200.20 (2) (c), his sole argument was that the "inclusion of the stolen Metro[C]ard counts in the indictment as legally similar crimes is unwarranted because the presence of the MetroCard counts will inevitably prejudice the defendant before the jury . . . . Thus, the Metro[C]ard counts should also be severed as a matter of the court's discretion (Penal Law [sic] [s]ection 200.20[3])." At no time did defendant argue or imply that the counts of the indictment were not legally similar under CPL 200.20 (2) (c).

Although the court did state in its decision that the counts were properly joined under CPL 200.20 (2) (c), the claim is still not preserved because the court did not expressly decide the question "in re[s]ponse to a protest by a party" (CPL 470.05 [2]; *People v Colon*, 46 AD3d 260, 263 [1st Dept 2007]). Rather, the court's statement was necessary to place defendant's argument that he was entitled to a discretionary severance in context, given that CPL 200.20 (3) is applicable only where counts are joined under CPL 200.20 (2) (c).

As an alternative holding, we find that the motion court properly exercised its discretion in denying defendant's motion to sever the counts charging possession of stolen property from the counts charging assault and robbery (*see People v Pierce*, 14 NY3d 564, 573-574 [2010]).

CPL 200.20 (2) (c) authorizes the joinder of multiple charges when, "[e]ven though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law." "Offenses will not be deemed sufficiently similar to support joinder under CPL 200.20 (2) (c) if the offenses do not share any elements and the criminal conduct at the heart of each crime is not comparable" (*Pierce*, 14 NY3d at 573-574). Here, the underlying allegations demonstrate that the "the essential nature of the criminal conduct" alleged is sufficiently "similar in law" to satisfy the principles set forth in *Pierce* (*id.* at 574; *see People v Covington*, 130 AD3d 409, 409 [1st Dept 2015], *lv denied* 26 NY3d 966 [2015]). Each count involved misappropriated property and fell under the narrow rubric of theft-related offenses involving the subway system. Defendant possessed the stolen MetroCards while robbing and assaulting a subway passenger, crimes which were targeted by the specially-trained officers who arrested defendant, and all charges stemming from the incident were arraigned and indicted together. Defendant did not make a sufficient showing to warrant a discretionary severance (*People v Ford*, 11 NY3d 875, 879 [2008]).

Even if the motion court erred in denying the severance motion, the error was harmless as the evidence of defendant's guilt with respect to each criminal transaction is overwhelming, and there is no significant probability that the jury's verdict was improperly affected by the fact that the crimes were charged together (*see People v Masaguilar*, 86 AD3d 619, 620 [2d Dept 2011], *lv denied* 17 NY3d 904 [2011]; *People v Thibeault*, 73 AD3d 1237, 1242 [3d Dept 2010], *lv denied* 15 NY3d 810 [2010], *cert denied* 562 US 1293 [2011]). The People

presented clear and disinterested eyewitness testimony, as well as physical evidence, that established each of the charged crimes, and there was no "substantial likelihood that the jury would be unable to consider separately the proof as it related to each incident" (*People v Haywood*, 124 AD3d 798, 800-801 [2d Dept 2015], *lv denied* 25 NY3d 1202 [2015]; *People v Montalvo*, 34 AD3d 600, 601 [2006], *lv denied* 8 NY3d 883 [2007]).

We perceive no basis for a reduction of sentence.