[33 NYS3d 262]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINO RIOS, Appellant.

First Department, June 21, 2016

## APPEARANCES OF COUNSEL

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Claudia B. Flores* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Christine DiDomenico* and *Hilary Hassler* of counsel), for respondent.

## OPINION OF THE COURT

MANZANET-DANIELS, J.

"Physical injury," as defined in the Penal Law, means "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Although the issue is generally one for the trier of fact, "there is an objective level . . . below which the question is one of law" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980] [twice slapping complainant, and causing red marks and pain, insufficient to establish "physical injury"]; *People v Rolando*, 168 AD2d 578 [2d Dept 1990] [complainant's testimony as to pain caused by bruised shoulder and scratches insufficient to establish "physical injury" in the absence of medical records or treatment], *lv denied* 77 NY2d 910 [1991]).

The evidence convicting defendant of robbery in the second degree (Penal Law § 160.10 [2] [a] [causes physical injury]) was legally insufficient to establish the element of "physical injury." The photographs in evidence depict only slight redness on the complainant's neck and hands. They do not show cuts, abrasions, lacerations, or anything of the kind. The victim did not seek medical treatment. There are no medical records. Further, inasmuch as the victim in this case did not testify, there is no evidence concerning even his subjective experience of pain. Without any testimony from the complainant or medical records substantiating same, it is impossible to know if he was in significant pain, or whether the pain to his jaw was slight or trivial (*see e.g. Matter of Jose B.*, 47 AD3d 461 [1st Dept 2008] [repeated punches, together with victim's testimony that he suffered pain, insufficient to demonstrate physical injury in the absence of bruising or a reduction in range of motion]; *People v Galletta*, 171 AD2d 178 [1st Dept 1991] [bruises that healed within a week, together with victim's description of pain, insufficient to establish physical injury], *lv denied* 79 NY2d 947 [1992]; *People v Ingram*, 143 AD2d 448 [3d Dept

1988] [red marks on victim who was struck in the face and arm and pushed to the ground and who testified that she suffered pain insufficient to establish physical injury]). The testimony of a police officer after the fact as to the victim's state of shock and nervousness is not a sufficient substitute for the testimony of the victim as to his injuries, medical corroboration, or even photos that objectively demonstrate more than seemingly insubstantial injuries.

*Matter of Dominick V.* (223 AD2d 453, 453 [1st Dept 1996]), which the dissent relies on for the proposition that "[t]he absence of medical treatment is not dispositive," involved a complainant who testified as to his injuries. *People v Deas* (102 AD3d 464 [1st Dept 2013], *lv denied* 20 NY3d 1097 [2013]) involved a victim who testified at length as to the injuries to his shin and elbow. Similarly, the victims testified in *People v Mullings* (105 AD3d 407 [1st Dept 2013], *lv denied* 21 NY3d 945 [2013] [victim had facial bruising or swelling which made it difficult for him to eat or to sleep]) and *People v James* (2 AD3d 291 [1st Dept 2003], *lv denied* 2 NY3d 741 [2004] [victim was punched in the face, causing pain, swelling, and headaches for a week]). In contradistinction, this case involves minor injuries (as the photographs attest), a victim who did not testify as to his pain or injuries, and an utter lack of medical proof.

Although defendant made only a general motion for a trial order of dismissal at the close of the People's case, the issue was clearly raised. The People in opposing the motion argued that the jury could infer "substantial pain and physical impairment based on the markings on [complainant's] face." While denying the motion, the court noted that there was a reasonable view of the evidence that defendant committed third-degree robbery (which does not have a physical injury element) as opposed to second-degree robbery—a factor that influenced the court's decision to grant the People's motion to charge the lesser included offense of robbery in the third degree. In reviewing the photos the court noted that there was "redness" to the complainant, stating, "Whether that's physical injury or not, I don't know." The issue was revisited when the court ruled on defendant's posttrial CPL 330.30 motion.

In light of our holding, it is unnecessary to address defendant's further argument that his sentence was excessive.

Accordingly, the judgment of the Supreme Court, New York County (Marcy L. Kahn, J.), rendered August 12, 2013, convicting defendant, after a jury trial, of robbery in the second degree

and sentencing him, as a second violent felony offender, to a term of 11 years, should be modified, on the law, to reduce defendant's conviction to the crime of robbery in the third degree, and to remand the matter for resentencing.

ANDRIAS, J. (dissenting). Defendant's challenge to the legal sufficiency of the evidence is unpreserved, and does not warrant review in the interests of justice. Even if the claim is considered, the verdict is based on legally sufficient evidence and is not against the weight of the evidence. Accordingly, I respectfully dissent.

Defendant's general motion to dismiss at the close of the People's case failed to specify any grounds for dismissal (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]) and he did not make a specific challenge to the sufficiency of the evidence supporting the physical injury element of second-degree robbery until his postverdict CPL 330.30 motion, which lacked any preservation effect (*see People v Hines*, 97 NY2d 56 [2001]). The court "did not expressly decide, in response to protest, the issues now raised on appeal" (*People v Miranda*, 27 NY3d 931, 932 [2016]) at a charge conference dealing only with the distinct issue of submission of a lesser offense, or elsewhere during the trial.

In any event, the element of "physical injury" requires proof that a victim's injuries were more than mere "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980] [internal quotation marks omitted]), and that they caused "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]; *see also People v Rosario*, 121 AD3d 424, 425 [1st Dept 2014], *lv denied* 25 NY3d 1170 [2015]). "Relatively minor injuries, including injuries not requiring medical treatment[,] may meet the statutory threshold" (*People v Deas*, 102 AD3d 464, 464 [1st Dept 2013], *lv denied* 20 NY3d 1097 [2013] [citations omitted]; *Matter of Dominick V.*, 223 AD2d 453 [1st Dept 1996] [the fact that a victim does not seek or receive medical treatment is not dispositive with respect to whether the victim suffered physical injury]). Whether the evidence proved a physical injury is a question for the factfinder, who may consider the nature of the injury, any corroboration of it, the offender's motive, and the victim's subjective expression of pain (*Chiddick*, 8 NY3d at 447-448). Applying these principles, the testimony that defendant placed the significantly older and smaller victim in a choke hold and kept punching him in or about the head to facilitate the robbery, together with the

testimony concerning the victim's physical and mental condition after the robbery and the photographs showing that marks remained on his face hours after the attack, is legally sufficient to satisfy the element of physical injury.

Although the victim did not testify, an eyewitness testified that he saw defendant place the victim in a choke hold and punch him repeatedly as he removed cash from the victim's pocket. The eyewitness also testified that after the beating, the victim "was holding his face," which was red and swollen.

A police officer testified that the victim was in a state of shock, shaking and sweating profusely, and that his face and neck were pink and that he had urinated on himself. A detective testified that when he saw the victim at the precinct about 2½ hours after the attack, the victim was still very nervous and upset, and complained of pain, including that his jaw was still hurting. The detective observed redness in the victim's face and took several photographs which showed red marks on his left cheek and chin and bruising and red marks behind his right ear.

From this evidence, viewed as a whole, the jury could have reasonably inferred that the victim suffered injuries which caused substantial pain, even though the victim did not seek medical attention and did not testify at trial (*see People v Davis*, 136 AD3d 559, 561 [1st Dept 2016]; *People v Mullings*, 105 AD3d 407 [1st Dept 2013], *lv denied* 21 NY3d 945 [2013]). In order to rob the victim, defendant repeatedly punched him with enough force to leave him in such a state of shock and fear that he urinated on himself. Witnesses testified that the victim was holding his face and complained of pain, and the impact of the blows remained visible 2½ hours later (*see People v James*, 2 AD3d 291, 291 [1st Dept 2003] ["The element of physical injury was established by evidence that defendant punched the victim twice in the face during the robbery, causing pain, swelling and headaches"], *lv denied* 2 NY3d 741 [2004]; *People v Campbell*, 228 AD2d 227 [1st Dept 1996] [finding sufficient evidence of physical injury where the defendant held victim in a choke hold, beat him, and threatened to kill him in order to take money from the victim's pockets], *lv denied* 88 NY2d 981 [1996]). Furthermore, the jury could have reasonably concluded that photographic evidence tended to corroborate rather than contradict the eyewitness accounts.

There is no basis for reducing the sentence.

Accordingly, I would affirm the judgment convicting defendant, after a jury trial, of robbery in the second degree and

sentencing him, as a second violent felony offender, to a term of 11 years.

MAZZARELLI and GESMER, JJ., concur with MANZANET-DANIELS, J.; ANDRIAS, J., dissents in a separate opinion in which TOM, J.P., concurs.

Judgment, Supreme Court, New York County, rendered August 12, 2013, modified, on the law, to reduce defendant's conviction to the crime of robbery in the third degree, and to remand the matter for resentencing.