The People of the State of New York, Respondent,
against
Dwayne Singleton, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Marc J. Whiten, J.), rendered October 17, 2012, convicting him, upon a plea of guilty, of assault in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Marc J. Whiten, J.), rendered October 17, 2012, reversed, on the law, conviction vacated, the counts of the information charging assault in the third degree dismissed, and matter remanded for further proceedings on the remaining count of the instrument.
The accusatory instrument was jurisdictionally defective as to the third-degree assault charges (see Penal Law § 120.00[1]). The victim's conclusory statement that she suffered "substantial pain" after defendant "str[uck] [her] on the back of [her] neck with an open hand" are insufficient to satisfy the "substantial pain" element of "physical injury" (see People v Henderson, 92 NY2d 677, 680 [1999]; see also People v Hodge, 83 AD3d 594, 595 [2011], lv denied 17 NY3d 859 [2011]; People v Rodriguez, 158 AD2d 376, 377 [1990], lv denied 75 NY2d 969 [1990] [substantial pain requires evidence of more than slaps]; Matter of Wanji W., 277 AD2d 243 [2000][slap in the back of head insufficient to establish intent to cause physical injury]). Absent from the People's pleading were any additional objective facts to support an inference that the slap caused substantial pain, such as the nature of the injury sustained, the duration of the pain, whether there was any residual impairment or need for medical attention (see People v Chiddick, 8 NY3d 445, 447-448 [2007]; People v Rios, 142 AD3d 28 [2016]). "[P]etty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives constitute only harassment and not assault, because they do not inflict physical injury" (People v Chiddick, 8 NY3d at 448 [internal quotation omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 16, 2018