People v Davis
2026 NY Slip Op 03643
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Rasheed Davis, Defendant-Appellant.

Decided and Entered: June 09, 2026
Ind. No. 99082/16|Appeal No. 6837|Case No. 2018-1549|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Twyla Carter, The Legal Aid Society, New York (Elizabeth B. Emmons of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Gamaliel Marrero of counsel), for respondent.

[*1]
Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about July 14, 2017, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
While the court's order does not set forth explicit determinations as to the points assessed under each factor (see Correction Law § 168-n[3]), "the record is sufficient for this Court to make its own findings of fact and conclusions of law, [and] remittal is not required" (People v Wilson, 239 AD3d 422, 422 [1st Dept 2025], lv denied 45 NY3d 902 [2026]).
The Board of Examiners of Sex Offenders assessed defendant 140 points on the risk assessment instrument, rendering him a presumptive level three offender (see People v Mingo, 12 NY3d 563, 568 n 2 [2009]). We find that 135 of those points are supported by clear and convincing evidence. Initially, 5 points must be deducted from the Board's assessment of 15 points for the risk factor pertaining to use of violence (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7 [2006] [under risk factor 1, use of violence, an offender should be assessed 30 points if he was armed with a dangerous instrument; 15 points if he inflicted physical injury; and 10 points if he used forcible compulsion]; see generally Matter of Phillip A., 49 NY2d 198 [1980]). Instead, defendant should have been assessed 10 points in this category (see Penal Law § 130.00[8]; see also People v Coleman, 42 NY2d 500, 505 [1977]).
Bruising, as alleged, without any evidence about the nature or extent of the victim's pain, does not, on its own, rise to the level of "physical injury" (Penal Law §10.00[9]; Matter of Philip A., 49 NY2d at 198). Thus, the record does not support the assessment of 15 points for this category (see People v Galletta, 171 AD2d 178, 180-181 [1st Dept 1991], lv denied 79 NY2d 947 [1992]).
[*2]
We have considered and rejected defendant's challenges to the Board's assessments regarding the risk factors for duration of offense conduct and the age of victim. Thus, defendant remains a presumptive risk level three offender, "even with the corrected point score" under the risk factor for use of violence (People v Tingling, 201 AD3d 555, 556 [1st Dept 2022], lv denied 38 NY3d 908 [2022]).
Defendant's claim relating to the risk factor for sexual contact with the victim "is improperly raised for the first time on appeal" (see People v McCray, 62 AD3d 599, 599 [1st Dept 2009], lv denied 13 NY3d 704 [2009];CPLR 4017, 5501[a][3]; Correction Law § 168-n[3]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
The court providently exercised its discretion in granting defendant's request for a downward departure to the extent of granting a departure to a level two adjudication (see People v Gillotti, 23 NY3d 841, 861 [2014]). There is no basis for a further departure to a level one adjudication. The mitigating factors now cited by defendant were either adequately taken into account by the risk assessment instrument or were outweighed by the seriousness of the underlying crime, where he coerced, threatened, and assaulted a 16-year-old girl to engage in commercial sex acts "for his own personal gain" (People v Greene, 248 AD3d 482 [1st Dept 2026]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026